

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed November 15, 2007                                                                                          **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re:<br><br>Eugen Maximilian Zinser and<br>Terri Diane Zinser,<br><br>    Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 07-41304-RFN-13<br><br>Chapter 13 |
| In re:<br><br>Keith Christopher Spalding and<br>Lynda Kay Higgins,<br><br>    Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 07-41863-DML-13<br><br>Chapter 13 |

### MEMORANDUM OPINION

Each of the above-captioned cases requires the court to address the calculation of "projected disposable income" pursuant to section 1325(b)(1)(B) of Title 11 of the United States

Code (the "Bankruptcy Code" or "Code"). The relevant facts in both cases are uncontroverted. In each case, the debtors are "above-median-income debtors"[1] who propose a joint chapter 13 plan with an applicable commitment period of five years.[2] The court considers this question in connection with confirmation of chapter 13 plans in each case, such plans having been considered at hearings on June 21, 2007 and July 19, 2007.

In considering these matters, the court exercises its core jurisdiction. 28 U.S.C. §§157(b)(2)(L) and 1334. This memorandum opinion embodies the court's findings of facts and conclusions of law. FED. R. BANKR. P. 7052 and 9014.

## I. BACKGROUND

A.  **Eugen and Terri Zinser**

On March 30, 2007, Eugen and Terri Zinser (collectively the "Zinsers") filed a joint petition seeking relief under chapter 13 of the Code. Along with their petition, the Zinsers filed their Schedule I (the "Zinser Schedule I") and Official Form 22C (the "Zinser Form 22C"). Both the Zinser Schedule I and the Zinser Form 22C reflect a total current monthly income of $7,908.72. The Zinser Form 22C reports total allowed deductions of $8,343.11 and monthly disposable income of negative $434.39. Included in the total allowed deductions are taxes and monthly child-support payments of $790.00. Based on the Zinser Form 22C, the Zinsers propose a chapter 13 plan (the "Zinser Plan") that includes monthly payments of $410.00 for sixty months, with nothing to be distributed to general unsecured creditors.[3]

---

[1] Eugen and Terri Zinser, who have no dependents, have a combined current monthly income of $7,908.72, which exceeds the median family income for a household of two in Texas. Likewise, Keith Spalding and Lynda Higgins, who have two dependents, have a combined current monthly income of $13,576.85, which exceeds the median income in Texas for a household size of four people. *See* 11 U.S.C. § 1325(b)(3) (2007).

[2] *See* 11 U.S.C. § 1325(b)(4).

[3] The funds paid to the Trustee will be distributed in satisfaction of costs and secured debt of the Zinsers.

2

The chapter 13 trustee (the "Trustee") objects to confirmation of the Zinser Plan under section 1325(b)(1)(B). Specifically the Trustee argues that the Zinser Plan fails to distribute all of the Zinsers' projected disposable income to general unsecured creditors because it includes monthly child-support deductions of $790.00 for sixty months, even though the Zinsers are to make child-support payments for just twenty-six months following the date of filing. Additionally, the Trustee contends that the Zinser Plan fails to distribute all of the Zinsers' projected disposable income to general unsecured creditors because the Zinser Plan estimates that the Zinsers will pay taxes at a 15.4% tax rate, despite having paid taxes at a 7.6% tax rate in 2006.

**B.      Keith and Lynda Spalding**

Keith Spalding and Lynda Higgins (collectively the "Spaldings" and, together with the Zinsers, the "Debtors") filed a joint chapter 13 petition on April 30, 2007. At the same time, the Spaldings filed their Schedule I (the "Spalding Schedule I") and Official Form 22C (the "Spalding Form 22C"). The Spalding Schedule I and the Spalding Form 22C reflect a total current monthly income of $13,576.85. The Spalding Form 22C also reports total allowed deductions of $12,750.76 and monthly disposable income of $826.09. The Spaldings' total deductions include deductions related to taxes and repayment of a 401(k) loan at $791.75 per month. Based on these figures, the Spaldings propose a chapter 13 plan (the "Spalding Plan" and, together with the Zinser Plan, the "Plans") that entails monthly payments of $1,185.00 for sixty months. Under the Spalding Plan, general unsecured creditors are projected to receive a 49% dividend.[4]

---

[4] The Spalding Plan provides for distributions to unsecured creditors commensurate with the Spaldings' reading of section 1325(b)(1). The balance of the Spaldings' payments will satisfy costs and secured claims.

3

As with the Zinser Plan, the Trustee objects to confirmation under section 1325(b)(1)(B). First, the Trustee asserts that the Spalding Plan fails to distribute all of the Spaldings' projected disposable income because it incorporates a $791.75 monthly deduction for the 401(k) loan repayments over sixty months, although the Spaldings are to have repaid the loan in April 2008. Second, the Trustee asserts that the Spalding Plan does not distribute all of the Spaldings' projected disposable income because it anticipates that the Spaldings will pay their 2007 taxes at a 22.5% tax rate, though they paid at a 14.1% tax rate in 2006.

## II. DISCUSSION

### A. The Zinsers' Child-Support Payments and the Spaldings' 401(k) Loan Repayments

Whether the court sustains or overrules the Trustee's objections, the ultimate result will be the same. If the court confirms the Plans as proposed, the Plans will have to be modified at the time the child-support payments cease, in the case of the Zinsers, and upon full repayment of the 401k loan by the Spaldings. If, on the other hand, the court sustains the Trustee's objections, the result will be that the Plans will be drafted to take into account the anticipated changes in the Debtors' circumstances.

Another judge of this court, Hon. Russell F. Nelms, has issued an opinion construing section 707(b) of the Code in a fashion consistent with the Trustee's position in the cases at bar. *See In re Barraza*, 346 B.R. 724 (Bankr. N.D. Tex. 2006). Given that the ultimate substantive result will be the same regardless of how the law is interpreted, and given the enormous burden that it would impose on the Trustee were the judges in this division to calculate plan bases differently, the court concludes it must rule consistently with Judge Nelms. Accordingly, the Trustee's objections will be sustained to the extent that the Plans fail to take account of events—

4

here the changes due to child-support payments and 401(k) loan repayments—that are assuredly going to occur.

**B. The Zinsers' and the Spaldings' Taxes**

As to the Debtors' tax deductions, the Trustee argues that the Plans fail to substantiate the increase in the Debtors' estimated tax rates in 2007. This increase reduces the amount of projected disposable income available to unsecured creditors and thus makes the Plans non-confirmable under section 1325(b)(1)(B) according to the Trustee. In response, the Debtors contend that their estimated 2007 tax rates were calculated in good faith based upon what they actually paid during the six months preceding the filing of their petition.

Although the Trustee is correct in arguing that the Debtors' increase in estimated taxes also increases the amount of deductible expenses in the Plans, the Trustee's argument does not establish any reason for the court to deny confirmation under section 1325(b)(1)(B). The court is not prepared to circumvent the Debtors' Official Form 22Cs to undertake a calculation of Debtors' likely tax liability. Rather than rummaging through the complexities of the Internal Revenue Code, the court will presume that a debtor calculates his or her future tax rate in good faith, absent a showing to the contrary. Nevertheless, if at the end of the 2007 tax-season the debtor pays less than the amount he or she has estimated for 2007 taxes, then, in accordance with section 1329, the Trustee or the debtor's unsecured creditors may seek to modify the plan in order to compensate for the debtor's miscalculation. Because the Trustee failed to assert any grounds upon which the court may find the Debtors miscalculated their estimated 2007 tax rates, the court overrules the Trustee's objection.

5

## III.  CONCLUSION

For the foregoing reasons, confirmation of the Plans as submitted must be denied. Denial of confirmation is without prejudice to modification of the Plans to confirm with this memorandum opinion and their recalculation.

It is so ORDERED.


## END OF OPINION##